Dean C. Waldt, Esquire
Eugene J. Kuzinski, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey  08043-4636

Attorneys for Defendant PNC Bank

| | |
|---|---|
| RICHARD ROSARIO AND ANGELA LAW Individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>             v.<br><br>PNC Bank<br>Foreign Corporation,<br><br>             Defendant. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>TRENTON VICINAGE<br><br>CIVIL ACTION NO. 05-3764<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT** |

        Defendant PNC Bank, N.A. (incorrectly named as "PNC Bank"), by and through its undersigned counsel, Ballard Spahr Andrews & Ingersoll, LLP, hereby answers the Class Action Complaint of plaintiffs Richard Rosario ("Rosario") and Angela Law ("Law") (collectively, "Plaintiffs") as follows:

        1.    Admitted in part, denied in part.  PNC Bank admits only that Plaintiffs either have had or now have checking or savings accounts with PNC Bank and purport to bring this lawsuit as a class action on behalf of a purported Class and Subclass. The remaining allegations of paragraph 1 are denied.

## JURISDICTION AND VENUE

        2.    The allegations of this paragraph state legal conclusions to which no response is required.  However, to the extent that a response may be required, the

allegations are denied, except it is admitted only that Plaintiffs purport to plead damages in excess of $5,000,000.

3. The allegations of this paragraph state legal conclusions to which no response is required.

4. The allegations of this paragraph state legal conclusions to which no response is required.

5. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied, except that it is admitted only that PNC Bank admits that it does business in New Jersey.

## **PARTIES**

6. Admitted in part, denied in part. PNC Bank admits only that Rosario is a customer of PNC Bank and that Rosario maintains a bank account at PNC Bank. PNC denies all remaining averments of this paragraph, except admits only that PNC Bank sent Rosario a notice concerning the fact that certain personal information had been found in possession of a third-party but that such information had not been obtained from PNC. The notice is in writing and speaks for itself.

7. Admitted in part, denied in part. PNC Bank admits only that Law is a customer of PNC Bank and that Law maintains a bank account at PNC Bank. PNC denies all remaining averments of this paragraph, except admits only that PNC Bank sent Law a notice stating concerning the fact that certain personal information had been found in possession of a third-party but that such information had not been obtained from PNC. The notice is in writing and speaks for itself.

8.     Denied.  There is no entity named "PNC Bank Corporation."  By way of further answer, there is a "PNC Financial Services Group."  However, that entity is not a bank, and Plaintiffs do not maintain accounts with that entity.  Rather, they maintain accounts with PNC Bank, N.A., which, as noted in the introductory paragraph, is referred to in this Answer as PNC Bank.  All references to "Defendant" in the Complaint will, for purposes of this Answer, be construed to refer to "PNC Bank."

9.     Admitted.

## FACTS

10.    Denied as stated.  It is admitted only that Plaintiffs disclosed their social security numbers, addresses and phone numbers to PNC Bank, but the allegation that Plaintiffs were required to disclose information "such as" those items is vague and ambiguous, and is therefore denied.

11.    Admitted.

12.    Denied.  PNC Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, which relate to the state of mind of Plaintiffs, and the allegations are therefore denied.

13.    Denied.

14.    Denied.

15.    Denied.  The allegations in this paragraph state legal conclusions to which no response is required.  However, to the extent that a response is required, the allegations are denied.

16.    Denied.

17.    Denied.

18.    Denied.

19. Denied.

20. Denied.

21. Denied.

## CAUSES OF ACTION

### Count I:  Negligence

22. PNC Bank repeats and hereby incorporates each and every answer to the allegations contained in paragraphs 1 through 21 as if set forth fully herein.

23. Denied. The allegations of this paragraph state legal conclusions to which no response is required.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

### Count II:  Invasion of Privacy

29. PNC Bank repeats and hereby incorporates each and every answer to the allegations contained in paragraphs 1 through 28 as if set forth fully herein.

30. Denied. PNC is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to the state of mind of Plaintiffs. The remaining allegations are too conclusory to be susceptible of answering and are therefore denied.

31. Denied.

32. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

### Count III: Breach of Duty of Confidentiality

33. PNC Bank repeats and hereby incorporates each and every answer to the allegations contained in paragraphs 1 through 32 as if set forth fully herein.

34. Denied. These allegations are too conclusory to be susceptible of answering and are therefore denied.

35. Denied.

36. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

37. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

### Count IV: Fraud

38. PNC Bank repeats and herby incorporates each and every answer to the allegations contained in paragraphs 1 through 37 as if set forth fully herein.

39. Denied. PNC is without knowledge or information sufficient to form a belief as to the allegations concerning the state of mind of Plaintiffs. The allegations of this paragraph are otherwise denied.

40. Denied.

41.     Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

### Count V:  Conversion

42.     PNC Bank repeats and hereby incorporates each and every answer to the allegations contained in paragraphs 1 through 41 as if set forth fully herein.

43.     Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

44.     Denied.

45.     Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

46.     Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

### Count VI:  Consumer Fraud Act

47.     PNC Bank repeats and hereby incorporates each and every answer to the allegations contained in paragraphs 1 through 46 as if set forth fully herein.

48.     Admitted in part, denied in part. PNC Bank admits only that there exists a New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1, *et. seq.* "Relevant times" is not defined in the Complaint and that allegation is therefore denied. The remaining

allegations of this paragraph constitute legal conclusions, to which no response is required.

49. Denied. The allegations of this paragraph state legal conclusions to which no response is required.

50. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

51. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

52. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

53. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

54. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

55. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

56. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

57. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

### Count VII: New Jersey Computer Fraud Statute (N.J.S.A. § 2A:38A-1)

58. PNC Bank repeats and hereby incorporates each and every answer to the allegations contained in paragraphs 1 through 57 as if set forth fully herein.

59. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

60. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

### Count VIII: Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030

61. PNC Bank repeats and hereby incorporates each and every answer to the allegations contained in paragraphs 1 through 60 as if set forth fully herein.

62. Denied as stated. It is admitted only that certain PNC Bank employees are granted certain types of access to PNC Bank's computer systems in order to perform their business functions. The remaining allegations of this paragraph are denied.

63. Denied.

64. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

65. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

66. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

67. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

68. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied.

## CLASS ACTION ALLEGATIONS

69. Admitted in part, denied in part. PNC Bank admits only that Plaintiffs purport to bring this lawsuit as a class action on behalf of a putative Class, as defined in this paragraph. The remaining allegations of this paragraph are denied.

70. Admitted in part, denied in part. PNC Bank admits only that Plaintiffs purport to bring this lawsuit as a class action on behalf of a putative Subclass, as defined in this paragraph. The remaining allegations of this paragraph are denied.

71. Admitted in part, denied in part. PNC Bank admits only that Plaintiffs seek to certify a Class and Subclass from which the persons described in this paragraph are excluded. It is denied that any class or subclass is proper.

72. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

73. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

74. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

75. (a) - (i). Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

76. Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

77.    Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

78.    Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

79.    (a) - (c). Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

80.    (a) - (g). Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

81.    Denied. The allegations of this paragraph state legal conclusions to which no response is required. However, to the extent that a response may be required, the allegations are denied. By way of further answer, PNC Bank denies that this lawsuit is appropriate for Class treatment.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Class Action Complaint fails to state any claims against PNC Bank upon which relief can be granted.

2. Plaintiffs' claims against PNC Bank may be barred, in whole or in part, by the failure to join persons necessary for adjudication.

3. Plaintiffs have failed to mitigate their alleged damages.

4. Any damages allegedly suffered by Plaintiffs were not caused by any act or omission of PNC Bank.

5. Any damages allegedly suffered by Plaintiffs were caused, if at all, by the act or omissions of persons not parties to this action.

6. Plaintiffs lack standing to bring this action.

7. At all times, PNC Bank conducted itself in full compliance with all applicable laws, ordinances and regulations, which bars Plaintiffs from asserting their claims.

8. PNC Bank reserves the right to assert any and all affirmative defenses which may be revealed during the course of discovery.

**WHEREFORE,** Defendant PNC Bank respectfully requests that this Court enter an order dismissing Plaintiffs' Class Action Complaint with prejudice and entering judgment in its favor, and against Plaintiffs, together with such other and further relief as the Court may deem just and proper.

Dated: October 26, 2005

*[signature]*

Dean C. Waldt, Esquire
Eugene J. Kuzinski, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
Plaza 1000 - Suite 500, Main Street
Voorhees, New Jersey  08043-4636

Attorneys for Defendant PNC Bank

Of Counsel:
Darryl J. May, Esquire
BALLARD SPAHR ANDREWS & INGERSOLL, LLP
A Pennsylvania Limited Liability Partnership
51st Floor, 1735 Market Street
Philadelphia, PA 19103-7599

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2 of the United States District Court for the District of New Jersey, Defendant PNC Bank hereby certifies that the matter in controversy is not the subject of any other action pending in any Court, or in any pending arbitration or administrative proceeding.

However, actions involving similar claims, but involving different parties are pending and captioned as *Mercado, et al. v. Wachovia, et al.*, Civil Action No. 1:05-CV-3393 (RBK), pending in the United States District Court for the District of New Jersey, Camden vicinage, and *Cunningham v. Citigroup, In., et al.*, Civil Action No. 1:05-CV-3476 (SRC), Trenton vicinage.

Dated: October 26, 2005

                                           *[signature]*
                                           Dean Waldt, Esquire
                                           Eugene J. Kuzinski, Esquire
                                           BALLARD SPAHR ANDREWS & INGERSOLL, LLP
                                           A Pennsylvania Limited Liability Partnership
                                           Plaza 1000 - Suite 500
                                           Main Street
                                           Voorhees, New Jersey 08043-4636
                                           Telephone: 856.761.3400
                                           Facsimile: 856.761.1020

                                           Attorneys for PNC Bank

## **CERTIFICATE OF SERVICE**

I, Eugene J. Kuzinski, Esquire, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint of Defendant PNC Bank, N.A. (incorrectly named as "PNC Bank") was electronically filed today and served upon the following via U.S. Mail, postage prepaid:

> Arthur Penn, Esq.
> Pellettieri, Rabstein and Altman
> Tarnsfield Plaza
> 790 Woodlane Road, Suite 6
> Mount Holly, New Jersey 08060
>
> Counsel for Plaintiffs

Dated: October 26, 2005

_____
EUGENE J. KUZINSKI